### QUEENEY v. WILLI (two cases).

(Supreme Court, Appellate Division, First Department. March 3, 1916.)

1. LANDLORD AND TENANT ☞169—CONDITION OF PREMISES—ACTION—PLEADING—PROOF OF INJURY.

Under the complaint in a wife's suit, alleging that the bursting of a pipe in their apartment leased from defendant allowed a large quantity of water to escape and flood the apartment, causing plaster upon the ceiling to fall, rendering the apartment damp, cold, and dangerous to the health of the occupants, including plaintiff, and in the husband's suit for loss of the wife's services, alleging the same matters, proof that the plaster in falling struck and injured the wife was beyond the scope of the complaints, and, though specified in the bills of particulars, was not justified by them.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 644–646, 664–667, 681–684; Dec. Dig. ☞169.]

2. LANDLORD AND TENANT ☞162—CONDITION OF PREMISES—LANDLORD'S DUTY.

A landlord is required to use reasonable care to keep the leased premises in a safe condition for his tenants.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 629; Dec. Dig. ☞162.]

3. LANDLORD AND TENANT ☞169—CONDITION OF PREMISES—EVIDENCE.

In separate suits by defendant's tenant for the loss of a wife's services, and by the wife for injuries sustained by her, evidence *held* not to indicate to defendant that the pipe which burst and flooded the apartment was not sufficiently protected between the ceiling and the roof to prevent freezing.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 644–646, 664–667, 681–684; Dec. Dig. ☞169.]

4. LANDLORD AND TENANT ☞164—CONDITION OF PREMISES—ACCIDENT.

Without such notice, the subsequent bursting of the pipe was an accident, and the consequent injury was one for which the landlord was not responsible.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–637, 639, 641; Dec. Dig. ☞164.]

Dowling, J., dissenting in part.

Appeals from Trial Term, New York County.

Actions by Mary Queeney and by John Queeney against George Willi, Jr. From two judgments, one recovered in behalf of plaintiff Mary Queeney for injuries sustained by her while a tenant in one of the defendant's apartment houses, and the other by plaintiff John

---

Queeney, her husband, for loss of her services, in which the right of recovery depended upon the same facts, defendant appeals. Reversed, and complaints dismissed.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and DAVIS, JJ.

Stephen P. Anderton, of New York City, for appellant.
Herbert C. Smyth, of New York City, for respondents.

SMITH, J. Upon the 13th day of February, 1914, a water pipe in the ceiling above the plaintiff's apartment froze and burst. This caused the plaster to fall and a large amount of water to come into the apartment. The plaintiff Mary Queeney has recovered a verdict of $3,000 for injuries received, both by being struck by the plaster which fell, and also from sickness and ill health caused by the dampness of the apartment.

The judgment is challenged upon two grounds: First, it is claimed that the complaint did not authorize a recovery for physical injuries caused by the falling of the plaster; second, it is claimed that the defendant was not negligent, as he was without notice of any condition which might cause the freezing of the pipes above the plaintiff's apartment and the consequent injury. In my judgment, the challenge is good upon both grounds.

[1] It seems clear in both actions that at the time the complaint was drawn it was not in the mind of the pleader to recover for any personal injuries sustained by the falling of the plaster. The allegation in the John Queeney suit is to the effect that the bursting of the pipe—

"allowed a large quantity of water to escape and enter the apartment occupied by the plaintiff and his said wife, Mary Queeney, and to flood the same, and to cause the plaster upon the ceilings to fall, and thereby rendered the said apartment damp, wet, cold, and dangerous to the health of persons occupying the same, including the said Mary Queeney, plaintiff's said wife."

In the suit by Mary Queeney the allegation is that the bursting of said pipe—

"allowed a large quantity of water to escape and enter the apartment occupied by the plaintiff and her husband, and to flood the same, and cause the plaster upon the ceilings to fall, and thereby rendered the said apartment damp, wet, cold, and dangerous to the health of persons occupying the same, including this plaintiff."

It would seem from these allegations that the defendant was called upon to defend an action for damages for injuries caused by the dampness which was the result of the bursting of the pipes, those injuries including, among other things, the miscarriage of the wife. To allow proof, therefore, that the plaster in falling struck the plaintiff, thereby causing physical injuries, was beyond the scope of the complaint, and, although specified in the bill of particulars, was not justified by the pleading, and was, I think, error requiring a reversal of this judgment.

[2, 3] But the plaintiffs' difficulty is, in my judgment, more substantial. The defendant's duty was to use reasonable care to keep

these premises in a safe condition for his tenants. The plaintiffs occupied the upper apartment. The water was furnished to that apartment from a tank which was above the roof. The pipe running from the tank to the roof was protected by a box in which manure was packed. The pipe underneath the roof and above the ceiling was not protected. The evidence of the plaintiffs is to the effect that due care required the protection of this pipe from freezing. But the house was not constructed by the defendant. He had purchased it three years before the accident, and had had no difficulty from the freezing of this pipe; and no notice is shown to him that said pipe was not covered or adequately protected from freezing, even if we assume that such was the proper care to be taken of such pipes. The plaintiffs swear that the ceiling and the walls were to an extent damp for two weeks before this accident, and it is suggested that this was proof of the sweating of the pipes, which would indicate to the defendant or his servants that the pipes were not covered. It is claimed that both the defendant and the defendant's servant had notice of this continued dampness for two weeks or more. It cannot reasonably be said, however, that dampness of the plaster upon the ceiling or the side walls would indicate any sweating of pipes above the ceiling. This inference is too remote upon which to charge the defendant with legal liability for the subsequent bursting of the pipe. Furthermore, this dampness could not have come from anything at all serious; otherwise, within the two weeks' time the plaster would have become so wet as to have fallen by reason thereof. The defendant and the defendant's servant deny absolutely that there was any notice that the ceiling or the walls had been wet at all.

[4] Assuming, however, that this was a question of fact for the jury upon the plaintiffs' testimony, there is nothing to indicate to the defendant that this pipe was not protected sufficiently between the ceiling and the roof to prevent freezing. Without such notice the subsequent bursting of the pipe was an accident, and the consequent injury was one for which the defendant is not responsible.

I am of opinion, therefore, that the judgment should be reversed, with costs, in both cases, and the complaint dismissed, with costs.

The finding of fact that the defendant was guilty of negligence is reversed. Order filed.

CLARKE, P. J., and McLAUGHLIN and DAVIS, JJ., concur.

DOWLING, J. I dissent from the dismissal of the complaints herein, and from the reversal of the finding that the defendant was guilty of negligence. I believe, however, that the judgments appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event, on the ground that reversible error was committed in allowing proof of the damage sustained by Mary Queeney by reason of the fall upon her of part of the ceiling; such damage not being within the allegations of the complaints.